**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1495
_____

THOMAS I. GAGE,
                                        Appellant

v.

BOROUGH OF NEW PROVIDENCE;
KEITH J. LYNCH; WILLIAM F. WALDRON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:24-cv-05544)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2025

Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed July 24, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Thomas I. Gage, proceeding pro se, appeals from orders of the United States District Court for the District of New Jersey granting the defendants' motions to dismiss his complaint under Federal Rule of Civil Procedure 12(b)(6), and denying his timely motion for reconsideration of that order. For the following reasons, we will affirm.

I.

In 2020, Keith Lynch, the Director of Planning and Development for the Borough of New Providence, issued a Stop Construction Order to Gage's construction company, Virtue Builders, because it was performing work outside the scope of its permit. Gage then filed a complaint against the Borough of New Providence ("New Providence") and Lynch, raising claims arising from the Stop Construction Order. During that litigation, Gage issued a subpoena to a nonparty architect who he believed had relevant information. That architect was represented by William Waldron, who reached an agreement with Gage to produce the requested material. Ultimately, the District Court granted the defendants' motion to dismiss and we affirmed. See Gage v. Lynch, 2023 WL 5287657, at *1 (3d Cir. 2023) (not precedential) ("Gage I").

Undeterred, in 2024, Gage filed another complaint in the District Court. His claims again stemmed from the Stop Construction Order and he again named as defendants New Providence and Lynch. In this complaint, however, Gage also sued Waldron. The defendants filed motions to dismiss. Gage opposed those motions, and moved to recuse Judge Arleo.[1]

---

[1] Gage also filed an "Amended Cause of Action in Regard to Defendant William F. Waldron." Although the District Court stated that that document was "not properly

The District Court granted the defendants' motions. It held that the claims against New Providence and Lynch were barred by res judicata, filed beyond the applicable statute of limitations, and failed to state plausible claims for relief. The District Court also concluded that Gage failed to state a claim against Waldron, explaining that Gage could not assert a private cause of action for criminal perjury and that Gage did not articulate any factual basis for asserting federal civil rights claims.[2] Finally, the District Court denied Gage's recusal motion, stating that the dismissal of Gage I was not a basis for relief.[3]

Next, Gage filed a motion for an extension of time to file a notice of appeal. Despite its title, that motion essentially timely sought reconsideration of the order granting the motions to dismiss. In particular, Gage alleged that the District Court failed to consider his submission of a "Constitutional Criminal Complaint." The District Court rejected Gage's claim, holding that it did not overlook the arguments raised in that document. Gage timely appealed.

---

before this Court," it considered the allegations therein "in an effort to liberally construe pro se [Gage's] pleadings." We too will consider those allegations.

[2] The District Court also declined to exercise supplemental jurisdiction over any remaining state law claims, which was within its discretion to do. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).

[3] Gage does not challenge this determination on appeal and has thus forfeited the issue. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal on res judicata grounds.  See Venuto v. Witco Corp., 117 F.3d 754, 758 (3d Cir. 1997).  We also "exercise plenary review over a district court's grant of a motion to dismiss pursuant to [Rule] 12(b)(6)."  Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  And we review for abuse of discretion the District Court's order denying Gage's motion for reconsideration.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

III.

The District Court did not err in concluding that res judicata bars Gage's claims against New Providence and Lynch.  Res judicata requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  Davis v. Wells Fargo, 824 F.3d 333, 341-42 (3d Cir. 2016) (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)).  Notably, "[t]he doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought."  In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

These res judicata requirements clearly have been met here.[4]  There is no dispute that there has been a final judgment on the merits in a prior suit involving the same

---

[4] We also agree with the District Court's alternative determination that Gage's claims against New Providence and Lynch were time-barred under New Jersey's two-year statute of limitations on personal injury actions, see Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010), and, for the reasons articulated in our prior opinion, failed to

parties. With respect to the third requirement, the District Court accurately explained that "Gage I and this Action both rest on the same general theory that [Gage's] constitutional and civil rights were violated by Lynch and New Providence when they issued the … Stop Construction Order for the renovation project Gage's company was working on in New Providence." Gage argues that res judicata does not bar his claims against New Providence and Lynch because his 2024 complaint "provide[d] newly-discovered evidence[] alleging new facts and worsening of the earlier conditions …." But Gage does not specify what that evidence is, and we cannot identify in the underlying complaint any material that would support a new plausible cause of action. We note that simply presenting "new allegations" is not sufficient to overcome the preclusive effect of a prior suit if, as is the case here, the "thrust of the two complaints remain[s] practically identical."[5] Churchill v. Star Enters., 183 F.3d 184, 195 (3d Cir. 1999).

IV.

The District Court also properly granted Waldron's motion to dismiss. Gage claimed that Waldron "willfully and intentional oppressed relevant evidence[] by not allow[ing] a non-party [architect] … to produce by subpoena [evidence that] expose[d]

---

state a claim for relief. Gage, 2023 WL 5287657, at *2 (noting that Gage did not "identify any factual allegations supporting any federal claim").

[5] In the underlying complaint, Gage sought to hold New Providence and Lynch liable under 42 U.S.C. § 1981, a statute that he did not cite in Gage I. Even if res judicata did not preclude Gage from raising that claim, we note § 1981 does not provide an implied private cause of action against state actors. See McGovern v. City of Phila., 554 F.3d 114, 122 (3d Cir. 2009).

the wrong done by the Defendants."  He also asserted that Waldon "deliberately conceal[ed] material information from the court" in Gage I.

These allegations failed to state a plausible claim under any of the theories advanced by Gage.[6]  For instance, Gage failed to allege facts suggesting that Waldron violated any right protected by 42 U.S.C. § 1981, which forbids discrimination on the basis of race in the making of public and private contracts.  See St. Francis Coll. v. Al-Khazraji, 481 U.S. 604, 609 (1987).  Moreover, Gage's attempt to bring claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act fail because Waldron, a private attorney, is not a state actor and was not acting under color of law.  See N.J.S.A. § 10:6-2(c); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) (stating that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court"); Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (providing that to state a claim under § 1983, a plaintiff "must establish that [he] was deprived of a federal constitutional or statutory right by a state actor").  Furthermore, Gage's vague allegation that Waldron concealed information from the District Court and prevented the disclosure of information that was requested in a subpoena was insufficient to state a plausible claim for conspiracy or fraud.  See D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992)

---

[6] Gage's claims against Waldron were premised on 42 U.S.C. § 1981, 1983, 1985, the New Jersey Civil Rights Act, common law conspiracy and fraud, and two federal criminal statutes.  He also asserted that he was entitled to fees under 42 U.S.C. § 1988.  We note, however, that "a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees."  Kay v. Ehrler, 499 U.S. 432, 435 (1991).

(en banc) (affirming a dismissal of a conspiracy claim under 42 U.S.C. § 1985 because of a failure "to assert any facts from which any type of conspiratorial agreement . . . can be inferred"); McGreevy v. Stroup, 413 F.3d 359, 371 (3d Cir. 2005) (holding that "[a] claim for civil conspiracy requires that two or more people conspire to do an unlawful act"); Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997) (setting forth the elements of common law fraud). Finally, although Gage alleged that Waldron committed perjury and made a false declaration in court in violation of 18 U.S.C. § 1621 and 1623, those criminal statutes that do not give rise to a private cause of action. See Bauer v. Elrich, 8 F.4th 291, 295 (4th Cir. 2021); Day v. Bond, 500 F.3d 1127, 1138-39 (10th Cir. 2007).

V.

Gage also challenges the denial of his motion for reconsideration. In that motion, Gage asserted that the District Court failed to consider a "Constitutional Criminal Complaint" that he filed after the defendants file their motions to dismiss.[7] In that document, Gage argued that Waldron was criminally liable for making false statements. The District Court rejected the motion for reconsideration, accurately noting that the

---

[7] Gage also suggested that the District Court overlooked two submissions: a letter from Waldron's attorney regarding a scheduling matter and a "Writ of Mandate," in which Gage requested the empanelment of a grand jury to investigate crimes against him. Neither of those submissions required a response from the District Court. Cf. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (explaining that, as a general rule, "matters of docket control" are within the discretion of the District Court); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (stating that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another").

allegations [in the "Constitutional Criminal Complaint"] are almost entirely premised on the same operative facts and causes of action raised in [Gage's] Amended Complaint, which has already been dismissed." (ECF 29, at 2.) Under these circumstances, we conclude that the District Court did not abuse its discretion in denying Gage's request for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (stating that "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice").

VI.

For the foregoing reasons, we will affirm the judgment of the District Court.